UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON ARGUETA-BARRERA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondents. | No. 1:26-cv-05563-DJC-SCR<br><br>ORDER<br><br>A# 240-487-064 |

Petitioner Milton Argueta-Barrera is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.[1]

[1] The Court initially identified cases related to re-detention following a prior release. But subsequent information makes clear that Petitioner was not previously released. Thus, the cases cited above are more relevant to this case.

(ECF No. 5.) Respondents argue that the Court should deny relief based on their assertions as to the foreseeability of removal. (ECF No. 6 at 3.) However, Petitioner is not subject to a final order of removal. While Respondents assert that ICE is seeking dismissal of Petitioner's appeal, it is uncontested that, at the present time, Petitioner has appealed the Immigration Judge's removal order. (*See id.* at 2.) As such, it is not final and Petitioner is entitled to a bond hearing under section 1226, regardless of whether Respondents believe removal is foreseeable if and when the removal order becomes final. That Petitioner was transferred from local custody on criminal charges does not alter the Court's analysis, though it justifies providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.[2]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Milton Argueta-Barrera a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

////

////

////

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE